PORTO RICO DISTILLING COMPANY, PLAINTIFF AND APPELLANT, *v.* TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action for Refund of Taxes Paid under Protest.

No. 3028.—Decided November 30, 1923.

INTERNAL REVENUE—DENATURED ALCOHOL.—Alcohol denatured for use as fuel under formula number 6 of the regulations approved by the Prohibition Director is not subject to the payment of the tax imposed by subdivision 39 of section 18 of Act No. 42 of 1921.

ID.—ID.—CONSTRUCTION OF LAW.—When there is doubt as to whether a particular
article is subject to the payment of taxes the doubt should be decided in
favor of the exemption of the article.

The facts are stated in the opinion.

*Mr. A. Lens Cuena* for the appellant.

*The Attorney General* and *Mr. José E. Figueras, Fiscal,*
for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The plaintiff, a corporation domiciled in Arecibo and
engaged in the manufacture and sale of denatured alcohol,
was required to pay, and did pay under protest, the sum
of $217.18 for 10,859 gallons of such alcohol manufactured
according to formula No. 6 of the Regulations approved
by the Prohibition Director and later brought this action
under the special law governing the matter for the refund
of the said sum.

The plaintiff maintains that the alcohol in question is
exempt from any tax both under the federal and the insular
law. The defendant admits that "denatured alcohol for use
as fuel" is exempt, but contends that the alcohol in this
case, known as "alcomotor" and manufactured and sold as
a substitute for gasoline, is subject to the tax of two cents
per gallon fixed by the statute. The court gave judgment
in favor of the defendant and in the opinion said:

"The plaintiff Porto Rico Distilling Co. manufactured alcohol
according to formula No. 6 and offered it for sale as *fuel for auto-
mobile motors* under the name of 'alcomotor' to be used exclusively
as such, alone or in combination with gasoline, the said 'alcomotor'
being, therefore, an independent article of commerce which, as dis-
tilled or alcoholic spirits, is subject to the tax imposed by the law,
considering it as a substitute for gasoline; and the fact that in
some cases it may be used in combination with gasoline can not
change its nature as a substitute, as the plaintiff contends, for it
acts as such in complementing the action of and substituting gasoline
as motive energy.

"The exemption from taxation of denatured alcohol is only when it is to be used as fuel for combustion; but as the plaintiff offered to the public a new product under the name of 'alcomotor' to be used for motor power as a substitute for gasoline and sold and used only as such, it is evident that such alcohol so manufactured was subject to the tax imposed by subdivision 1 of section 18 of the Excise-Tax Law of 1919 and fixed in subdivision 39 of section 18 of Act No. 42 of 1921.

"Witness Lorenzo Oliver, vice-president of the plaintiff corporation, admitted in his testimony that formula No. 6 was used for manufacturing alcohol for use as motor fuel under the name of 'alcomotor' and that the other formulas had no specific names. He also testified that 'alcomotor' must be mixed with gasoline, but that even unmixed 'alcomotor' (formula No. 6) may be used for motor energy, and that he had advertised 'alcomotor' as fuel for motors, but did not remember having advertised it as a substitute.

"Juan Colón testified that he is in the business of selling gasoline and 'alcomotor' as fuel for automobiles and that his license for the business is only for the sale of 'alcomotor.'

"By virtue of the foregoing, and upon weighing all of the evidence examined in this case, I am of the opinion that as the alcohol manufactured by plaintiff Porto Rico Distilling Company under the name of 'alcomotor' is in fact an imitation of or substitute for gasoline, it is lawfully subject to the internal revenue tax of two cents per gallon collected by the Treasurer of Porto Rico through an internal revenue agent from the plaintiff corporation on September 15, 1922, payment of which was made under protest, and, therefore, that the refund of the amount paid by the plaintiff as excise tax should be refused."

The opinion of the district court is not without grounds, but we think that as the question is whether a certain article is subject to a tax, the doubt should be decided in favor of its exemption.

Subdivision 39 of section 18 of Act No. 42 of 1921 provides:

"That there shall be levied, collected and paid as an internal-revenue tax:

"  *      *      *      *      *      *      *

39. *Gasoline.*—On all gasoline, imitation or substitute thereof,

manufactured, produced, introduced or brought into Porto Rico, a tax of two (2) cents per gallon.''

If that were the only statute applicable the question would be settled against the plaintiff, because the fact is that under all of the circumstances the denatured alcohol prepared according to formula number 6 may well be held to be a substitute for gasoline for automobile purposes, but there are other statutes to be considered.

Section 92 of Probition Regulations 61, page 71, reads as follows: ''Denatured alcohol is ethyl alcohol to which has been added some material which prevents its use for internal administration. It is free of tax and is solely for use in the arts and industries.'' And section 29 of Act No. 55 of 1919 provides that ''The Treasurer of Porto Rico shall exempt from the payment of tax * * * alcohols intended for use as fuel * * *.''

Furthermore, if these provisions of law be construed in the light of the intent of the Legislature which, in prohibiting the industry of the manufacture of alcohol for beverage purposes, intended, in order to do as little harm as possible, to encourage the manufacture and use of denatured alcohol, as shown by section 13 of Title III of the National Prohibition Act wherein the corresponding commissioner is ordered, among other things, ''to promote its use (alcohol) in scientific research and the development of fuels,'' then there is still more reason for holding that the doubt should be settled in favor of the plaintiff.

The judgment appealed from is reversed and substituted by such a judgment as the district court should have rendered.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.